430 F.2d 1280
 Otis M. EVANS, Plaintiff-Appellant,
v.
LOUISIANA DEPARTMENT OF HIGHWAYS, Defendant-Appellee.
 No. 29131 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 August 21, 1970.
 
 Robert G. Hebert, J. Stanley Wagner, New Orleans, La., for plaintiff-appellant.
 Ben C. Norgress, Asst. Gen. Counsel, Louisiana Dept. of Highways, Baton Rouge, La., James C. Downs, Garrett, Ryland & Downs, Alexandria, La., for defendant-appellee.
 Before THORNBERRY, COLEMAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, an employee of the Louisiana Department of Highways, was injured when he was climbing through the substructure of a rotating highway bridge crossing the Pearl River in Louisiana. The bridge is of the turntable type, rotating about a center pier which has its foundations in the bed of the river. The bridge does not float but is suspended twenty to thirty feet above the water, supported in the center by the central pier and locked into the abutting highway approaches by a system of movable wedges. On the day of the injury, appellant had rotated the bridge and left it in its rotated position, and was climbing down from the bridge toward his own bateau, which he intended to take to the shore. When he fell, appellant did not strike the water or any other subject with a maritime connexity.
 
 
 2
 Appellant brought suit in the United States District Court for the Eastern District of Louisiana against appellee, claiming benefits under the Jones Act and the Longshoremen's and Harbor Workers' Act. Appellee moved for and was granted a summary judgment on the basis that the accident was not within the admiralty jurisdiction of the federal court, and that the State of Louisiana could not be sued under the Longshoremen's and Harbor Workers' Act. We affirm.
 
 
 3
 It is settled that accidents on bridges, piers or other structures extending above navigable waters but permanently attached to the shore or the bed of the watercourse are not within the admiralty jurisdiction of the federal courts. Rodrigue v. Aetna Casualty & Surety Co., 1969, 395 U.S. 352, 360, 89 S.Ct. 1835, 1839, 23 L.Ed.2d 360. The district court was therefore correct in concluding that appellant's accident did not fall within its admiralty jurisdiction.
 
 
 4
 Appellant's argument that he can maintain an action under the provisions of the Longshoremen's and Harbor Workers' Act is untenable. The Act specifically provides that "no compensation shall be payable in respect of the disability or death of * * * (2) an officer or employee of the United States or any agency thereof or of any State or foreign government, or of any political subdivision thereof (emphasis added)." 33 U.S. C.A. § 903. This clear mandate cannot be overcome, as appellant argues, by a "sue or be sued" clause in the enabling legislation of the Louisiana Department of Highways. Appellant was an employee of a state and thus, under the express language of the Act, cannot gain relief under the Longshoremen's and Harbor Workers' Act.
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I